IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| BECKY SPENCE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 11-3009-CV-W-ODS |
| ) | |
| EMC MORTGAGE CORP., et al., ) | |
| ) | |
| Defendants. ) | |

ORDER AND OPINION
GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Pending is Defendants' Motion for Summary Judgment. For the following reasons, the motion (Doc. # 27) is granted.

I. BACKGROUND

Defendants set forth numerous facts they alleged to be uncontroverted, and provided support for them. Plaintiff has largely admitted the truth of these facts; with respect to the few exceptions, Plaintiff has merely reiterated allegations from the First Amended Complaint or otherwise failed to identify support in the record for her opposition. A party opposing a motion for summary judgment "may not rest upon the mere allegations or denials of the . . . pleadings, but   . . . by affidavits or as otherwise provided in [Rule 56], must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e); see also Local Rule 56.1(a). Therefore, the following facts are uncontroverted.

In October 2006, Pliantiff borrowed funds to purchase five residential properties in Springfield, Missouri. Those properties are:
•	1148 South Elmwood
•	1130 South Elmwood
•	1133 South Ventura
•	2445 East Grand

- 1865 South Bristol

In addition to executing Notes in connection with each of the loans, Plaintiff also executed two Deeds of Trusts on each property, granting security interests to the lender to secure repayment of the loans.  The property at 1865 South Bristol was foreclosed upon in June 2008 and sold in August 2008 to an individual named David Riffe, who is not a party in this case.  Plaintiff's Complaint seeks to (1) set aside the foreclosure sale of 1865 South Bristol and award her damages for the wrongful foreclosure, and (2) quiet title in the first four properties, essentially arguing Defendants do not have the right to foreclose pursuant to the Deeds of Trust.

## II.  DISCUSSION

A moving party is entitled to summary judgment on a claim only if there is a showing that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  See generally Williams v. City of St. Louis, 783 F.2d 114, 115 (8th Cir. 1986).  "[W]hile the materiality determination rests on the substantive law, it is the substantive law's identification of which facts are critical and which facts are irrelevant that governs."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); see also Get Away Club, Inc. v. Coleman, 969 F.2d 664 (8th Cir. 1992).  In applying this standard, the Court must view the evidence in the light most favorable to the non-moving party, giving that party the benefit of all inferences that may be reasonably drawn from the evidence.  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 588-89 (1986); Tyler v. Harper, 744 F.2d 653, 655 (8th Cir. 1984), cert. denied, 470 U.S. 1057 (1985).  As stated earlier, however, the party opposing summary judgment must do more than simply stand on her pleadings.

Plaintiff offers very little to oppose summary judgment.  In the Argument section of her Suggestions in Opposition, she (1) relies on factual characterizations set forth in the Amended Complaint, (2) cites no legal principles or theory entitling her to relief, and (3) cites no legal authority supporting any claim to relief.  The uncontroverted facts

establish that Plaintiff is not entitled to relief. An extended discussion is difficult in light of Plaintiff's failure to advance any arguments in her favor.

### A. The Property That Was Foreclosed Upon

As an initial matter, Plaintiff is not entitled to the relief she seeks because she has elected not to name the current owner of record – David Riffe – as a party in this action. E.g., Tyson v. Chicago Title Ins. Co., 348 S.W.3d 833, 839 (Mo. Ct. App. 2011). Plaintiff is also not entitled to set aside the foreclosure sale because Missouri law establishes that such sales are final and "shall forever foreclose all right and equity of redemption of the property so sold." Mo. Rev. Stat. § 443.290. Plaintiff has neither alleged nor created a factual issue regarding any recognized ground for setting aside the sale.

Plaintiff's claim with respect to 1865 South Bristol also fails to the extent she seeks damages for the supposedly "wrongful foreclosure." Significantly, Plaintiff does not deny that she was in default in the note. "[D]amages may not be recovered for wrongful foreclosure where the plaintiff fails to show that [she] was not in default." Fields v. Millsap & Singer, P.C., 295 S.W.3d 567, 571 (Mo. Ct. App. 2009).

Plaintiff suggests these issues are infirmities in her pleadings that do not entitle Defendants to judgment. The Court finds this position curious: Plaintiff does not deny the inadequacies in her case, nor does she seek to correct them. It almost appears as if she wants the case dismissed – perhaps so she can refile it an further forestall Defendants' rights under the Deeds of Trust. In any event, Plaintiff is incorrect: the uncontroverted facts demonstrate both that Plaintiff is not entitled to relief and that Defendants are entitled to prevail, so summary judgment is appropriate.

### B. The Properties That Have Not Been Foreclosed Upon

The Court is hard-pressed to discern any legal argument advanced by Plaintiff that would justify holding Defendants do not have the right to foreclose if Plaintiff is in

3

default. Defendants discern that Plaintiff is arguing she must be shown the note. The Court initially observes even if this is Plaintiff's argument (and her Suggestions in Opposition shed no light on this matter), it would not entitle her to an unencumbered interest in the properties. She concedes owing a debt to somebody, and further concedes the debt is secured by Deeds of Trusts on the properties. She cannot avoid her obligations; or, at least, she has not advanced any argument justifying such a result.

Assuming, *arguendo*, that Defendants have correctly identified Plaintiff's legal position, the Court agrees that it lacks merit. The power of sale bestowed by the Deeds of Trust is a matter of contract. E.g., Belote v. McLauglin, 673 S.W.2d 27, 31 (Mo. 1984) (en banc). The Deeds of Trust do not create the right Plaintiff purportedly asserts. Missouri's statutes do not provide such a right. "Under Missouri law, the legislature has seen fit to provide only one method for delaying non-judicial foreclosure," and that is the equity of redemption. Reese v. First Missouri Bank & Trust Co. of Creve Coeur, 736 S.W.2d 371, 373 (Mo. 1987) (en banc).

### III. CONCLUSION

For the foregoing reasons, Defendants' Motion for Summary Judgment is granted.

IT IS SO ORDERED.

                                                  /s/ Ortrie D. Smith
                                                  ORTRIE D. SMITH, SENIOR JUDGE
DATE: May 16, 2012                      UNITED STATES DISTRICT COURT